M. LEIBER *v.* MARY HAGGERTY, ET AL.

**Deed—Fraud or Mistake of Draftsman—Evidence—Possession.**

Before a person can recover real estate not included in a deed, because of a claim that it was not included on account of the fraud or mistake of the draftsman, he must establish the truth of such charge by a fair preponderance of the evidence.

**Possession.**

In order to show adverse possession of real estate it must be made to appear that the person claiming to be possessed had in fact the possession manifested by some act or fact sufficient to indicate to others that fact. There must be some open demonstration of actual occupancy, or at least of intended use, whereby the person bargaining for it may have the means of ascertaining that it is in the adverse possession of another.

APPEAL FROM McCRACKEN CIRCUIT COURT.

October 9, 1874.

OPINION BY JUDGE PETERS:

The controversy in this case grows out of conflicting claims to fractional parts of lots adjoining business houses of the parties in Paducah, derived from one common source, and the loss of which by either will materially affect the value of their property.

By appellees it is admitted that its deed does not cover or include the property, but it is contended that it was omitted by the fraud or mistake of the draftsman. It is clearly established by the evidence that the original draft of the deed from Watts, Given & Co., the owners of the property, to appellees was prepared by J. Campbell, and sent to one of the grantors therein named, who was to procure its execution; that that draft was not signed; but another deed was

drawn by Bann, a clerk in the house of the grantors, executed by them and put to record. In the one prepared by Campbell, he states pretty confidently in his testimony the fractional parts of said lots were included, and he is corroborated by the testimony of Hughes, the cashier of the branch of the Bank of Louisville, at Paducah, with whom Campbell, the president of said branch bank, consulted, and between whom there were frequent conversations on the subject.

On the other side, the deposition of D. A. Given, a member of the late firm of Watts, Given & Co., was taken, who proves that he negotiated and consummated the trade on the part of his firm for the sale of the houses to appellees; he further proves that he agreed to sell the corner property, consisting of three store rooms fronting on Broadway, and the warehouse immediately in the rear, for $65,000, and the new warehouse owned by J. W. Shriver & Co., on Market street for $15,000; this proposition was accepted and carried out; that he never tried to sell the fractional part of the ground, and never intended it in the sale made by him; that he measured the warehouse property in the rear of the Broadway stores to ascertain if the house covered 100 feet, and according to his recollection he gave Judge Campbell the measurement and boundaries written probably in pencil, so that he might be governed by it; that the deeds were written and immediately upon being handed him, he inclosed one to Shriver, at New Orleans, to be signed and returned, intending, when he received it, to sign and acknowledge the others; that they were lying on his desk, and he was about to sign them when T. F. Ferrell, who was in the office, looked over the deed and remarked that if he was in his, the witness's place, he would not let his wife sign it, for the reason, as he said, that the deed as drawn up made his wife guarantee the title, etc., instead of relinquishing her dower, and her individual property might be liable for a defect of title. He then called Mr. Robb, and directed him to copy the deed verbatim, except to leave out the names of the wives of the grantors, and at the close to insert the usual clause of relinquishment of dower, all of which was done, and the deeds signed, acknowledged, stamped and delivered to the proper parties for record.

Robb's deposition was taken, and he proved that he copied the deed, and it was only changed as stated by Given, and Given and Robb are sustained by Terrell. The evidence, therefore, in the case, is not sufficiently clear and satisfactory of either mistake or fraud in the deed to authorize the chancellor to modify or change it. But it is insisted that appellees were in the actual adverse possession of

the vacant fractional parts of said lots at the time appellant purchased, and his deed is void under the act against champerty. The possession of land which will render the conveyance of the same land champertous and void, must be an actual adverse possession, manifested by some act or fact sufficient to indicate to others that the person claiming to be possessed, had in fact, the possession. There must be some open demonstration of actual occupancy, or at least of intended use, whereby the person bargaining for it may have the means of ascertaining that it is in the adverse possession of another. *Cardwell v. Sprigg's Heirs,* 1 B. Mon. 369; *Moss, et al., v. Scott,* 2 Dana 275; *Lillard v. McGee,* 3 J. J. Marsh. 549.

Appellant, in seeking to be informed whether appellees were invested with title or claimed the ground, would naturally look to the deed under which it claimed, and when he shall have examined that document he will have found that the estate purchased by appellees is defined by lines and distances, scrupulously exact even to inches, and excluding the fractional parts now claimed by him. These fractional parts are not fully inclosed with the houses purchased by appellees. There is only a part of a fence on them, and there are no acts or real facts proved to indicate an adverse possession in appellees. The deed under which it derives title to property adjacent, is dated the 15th of November, 1867. Appellant's deed is dated the 25th of February, 1868. There is no claim of possession by appellees prior to November 15, 1867. Between that time and the date of appellant's deed, the record discloses no act of notoriety on its part, and no fact indicating an intention to enter upon and hold these controverted parts of lots adverse to Watts, Given & Co., and in the absence of such evidence appellant's deed must prevail. Wherefore the judgment is *reversed* and the cause is remanded with directions for further proceedings consistent herewith.

*G. W. Craddock, for appellant.*

*L. D. Husbands, for appellees.*